UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v. Case Nos.: 3:20cr70/TKW/MAL
3:23cv10188/TKW/MAL

BARRY D. HARRELSON,
Defendant.

---

## REPORT AND RECOMMENDATION

This case is before me on Defendant Barry D. Harrelson's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF No. 115. After careful review of the record[1] and relevant law, I recommend the § 2255 motion be denied without an evidentiary hearing because Defendant has not shown he is entitled to relief.

Defendant is currently serving a 360-month total sentence after pleading guilty to five controlled substance offenses (Counts 1-5) and one count of possession of a firearm by a convicted felon (Count 6). ECF No. 71 at 1-3. In his amended § 2255 motion, Defendant raises three grounds for relief, all of which argue that he should not have been sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). ECF No. 115 at 4-6.

[1] The Government filed a response in opposition and Defendant filed a reply. ECF Nos. 117, 118. Defendant also filed an amended memorandum. ECF No. 123.

The ACCA only affected Defendant's sentence on Count 6 (possession of a firearm by a convicted felon) by increasing the possible sentence from a maximum of 10 years' imprisonment to a minimum mandatory term of 15 years' imprisonment up to a maximum of life.[2] *Compare* 18 U.S.C. § 924(a)(2) (2019) *with* 18 U.S.C. § 924(e)(1) (2019). Using the enhancement, the court sentenced Defendant to a term of 360 months on Count 6, with concurrent terms of 360 months on Counts 1, 4, and 5; and current terms of 240 months on Counts 2 and 3. ECF No. 71 at 3. The sentence was a downward departure from the guideline range of life, which was an allowable sentence for all counts except Count 2 (statutory maximum of 20 years) and Count 3 (statutory maximum of 40 years. ECF No. 67 at ¶¶ 120-21.

## I. GROUND ONE

In Ground One, Defendant argues:

> Due Process would require that movant's unlawful sentence under the ACCA be vacated in light of *United States vs. Jackson*, 36 F. 4th 1294 11th Cir. 2022. My Fla. Stat. 893.13 no longer qualif[ies] as a valid prior for ACCA purposes pursuant to *Jackson*.

ECF No. 115 at 4. Defendant explains in his memorandum that "ioflupane" was removed from the federal drug schedule in 2015 and his Florida cocaine convictions

[2] The ACCA enhancement did not change Defendant's sentencing range under the guidelines because Defendant had the highest possible offense level (level 43) when calculated under Chapters Two and Three without regard to his armed career criminal status. ECF No. 67 (PSR) at ¶ 66. Although the armed career criminal status increased Defendant's criminal history category from IV to VI, the increase did not affect Defendant's sentencing range because the range is life under all criminal history categories for offense level 43. See *id.* at ¶ 85; Sentencing Table, U.S.S.G. Ch. 5, Pt. A.

therefore cannot be "serious drug offenses" under *Jackson*. *Id.* at 16.

The Government has raised the affirmative defense of procedural default. ECF No. 117 at 7. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). Because the procedural default rule applies to Ground One, and Defendant has not presented any basis to apply an exception,[3] Ground One should be dismissed as procedurally defaulted.

Additionally, even if Ground One could proceed, it would fail on the merits because the case Defendant relies upon was vacated. *See United States v. Jackson*, No. 21-13963, 2022 WL 4959314, at *1 (11th Cir. Sept. 8, 2022) (vacating original opinion in *United States v. Jackson*, 36 F. 4th 1294 (2022)). The original opinion was then superseded by a second opinion, hereinafter *Jackson II*. *United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022), *aff'd sub nom. Brown v. United States*, 602 U.S. 101 (2024).

[3] To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence. *Seabrooks v. United States,* 32 F. 4th 1375, 1384 (11tht Cir. 2022). Although Defendant uses the term "actual innocence" throughout his motion and memoranda, he does not claim that he is "factually innocent of the conduct underlying the crime[s] that serve[] as the predicate[s] for the enhanced sentence "*McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011). Therefore, Defendant does not raise a valid actual innocence claim. *Id.* at 1999 (declining to recognize a claim of actual innocence based on a legal argument that would disqualify a predicate offense for enhancement purposes).

In *Jackson II*, the Eleventh Circuit Court of Appeals held that the relevant drug schedules in effect at the time of the defendant's prior state drug offense controlled for purposes of determining whether an offense qualifies under the ACCA's definition of "serious drug offense." *Id.* The United States Supreme Court affirmed *Jackson II,* holding that "a state drug conviction counts as an ACCA predicate if it involved a drug on the federal schedules at the time of that offense." *Brown*, 602 U.S. at 123.

In Defendant's case, his qualifying serious drug offenses occurred in 2006 and 2010. *See* ECF No. 67, PSR at ¶¶ 66, 75, 78. At that time, both the federal drug schedule and the Florida drug schedule included ioflupane. *Jackson II,* 55 F. 4th at 851 nn.3 & 4, 861. Accordingly, Defendant had the requisite three prior serious drug offenses and he would not be entitled to relief on Ground One on the merits, even if it were not procedurally defaulted.

## II. GROUND TWO

In Ground Two, Defendant argues:

> Petitioner is actually innocent of a sentence imposed under 924(e) where he does not have 3 prior convictions for serious drug offenses. My 3 priors happened on 1 investigation with the same police, the same informant, and buying the same narcotic.

ECF No. 115 at 5. Defendant also argues that the Government failed to introduce evidence to show he committed his offenses on different occasions and "even if the

Government had submitted Shepard-approved charging documents, the district court could not rely on such non-elemental facts to impose a sentence under the ACCA." *Id.* at 19.

As the Government notes in its response, Ground Two is procedurally barred because the issue of whether Defendant's prior convictions occurred on different occasions was litigated[4] and decided against Defendant by the Eleventh Circuit Court of Appeals. ECF No. 117 at 9. In rejecting Defendant's arguments, the Eleventh Circuit ruled:

> [Defendant's] prior convictions were distinct in time and location, and therefore were distinct predicates. His three offenses occurred on three different dates and times: in October 2005, November 2005, and January 2006. The breaks of at least one month between each offense satisfies the temporal-break requirement under ACCA. *See Pope*, 132 F.3d at 690. These three controlled buys also all took place at separate locations and involved different quantities of drugs. Therefore, the District Court did not abuse its discretion by classifying Harrelson's separate offenses and separate predicates.

*United States v. Harrelson*, No. 21-11230, 2022 WL 1486379, at *3 (11th Cir. May 11, 2022).

To the extent Defendant raises a slightly different argument that *Shepard* documents cannot be relied upon for non-elemental facts, his argument is foreclosed

[4] As he does in his § 2255 motion, in his appellate brief, Defendant argued that the Government could not carry its burden of proving different occasions because the charges were included within one charging document and the time and place of Defendant's sales to the confidential informant were managed by law enforcement. Brief for Appellant at 21, *United States v. Harrelson*, No. 21-11230-D, (11th Cir. Sep. 17, 2021), 2021 WL 4304986, at *21.

by Eleventh Circuit precedent that was binding at the time of his sentence. "[I]n determining whether a defendant's prior convictions were committed on different occasions from one another, a district court may rely on 'non-elemental facts' contained in the *Shepard*-approved sources." *United States v. Dudley*, 5 F. 4th 1249, 1260 (11th Cir. 2021).

In summary, Ground Two is procedurally barred because it was addressed on direct appeal. Even on the merits, Ground Two fails because the three prior drug convictions were properly determined to have been committed on occasions different from one another.

## III. GROUND THREE

In Ground Three, Defendant argues:

> Due Process and the Rule of Lenity demands that the movant's ACCA sentence[] be vacated where the Occasions Clause of 924(e) is vague. The Occasions Clause and the Rule of Lenity demands that Harrelson be resentenced to a much lower sentence.

ECF No. 115 at 6. The Government has again raised the affirmative defense of procedural default. ECF No. 117 at 10. Because the procedural default rule applies to Ground Three, and Defendant has not presented any basis to apply an exception,[5] Ground Three should be dismissed as procedurally defaulted.

---

[5] *See* Note 3, *supra.*

On the merits, Defendant has not met his burden to show that the occasions clause of the ACCA is unconstitutionally vague. Defendant cites no cases finding that the occasions clause is unconstitutionally vague.

While the Eleventh Circuit has not issued binding precedent on the matter, in an unreported opinion the court found that "[t]he plain language of the ACCA's occasions clause gives persons of ordinary intelligence fair notice that committing qualifying offenses on different occasions will result in the sentencing enhancement, and it permits non-arbitrary enforcement." *United States v. Hood*, No. 21-13903, 2025 WL 1454356, at *8 (11th Cir. May 21, 2025); *see also United States v. Jones,* No. 20-11841, 2022 WL 1763403, at *3 (11th Cir. June 1, 2022) (rejecting vagueness argument and finding that the occasions clause give fair notice and provides for non-arbitrary enforcement); *and United States v. Davis*, 643 F. App'x 548, 551 (6th Cir. 2016) (same). The United States Supreme Court noted moreover in *Wooden*, "in law as in life, it is usually not so difficult to identify an 'occasion': Given that the term in [the] ACCA has just its ordinary meaning, most cases should involve no extra-ordinary work." *Wooden v. United States,* 595 U.S. 360, 370 (2022).

Regarding the rule of lenity, Defendant has not shown he is entitled to application of the rule. Under Justice Gorsuch's concurring opinion in *Wooden*, upon which Defendant relies, the rule of lenity should be applied when "reasonable minds could differ … on the question of whether [a defendant's] crimes took place on one

occasion or many … ." *Id.* at 388 (Gorsuch, J., concurring). In Defendant's case, separate dates, drug amounts, and places for his sales of cocaine to a confidential source show "decisively differentiate occasions." *Id.* at 370. The *Shepard* documents show that Defendant's sales were made on October 14, 2005 (seven grams of crack cocaine), November 8, 2005 (six grams of crack cocaine), and January 3, 2006 (12 grams of crack cocaine). ECF Nos. 65 at 3; 65-4 at 5. Defendant made the first two sales at his residence. ECF No. 65 at 4. Defendant made the third sale at a different location. *Id.*

"Courts … have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a 'significant distance.'" *Wooden,* 595 U.S. at 370. Defendant's first and second sales were approximately one month apart and his third sale nearly two months after. ECF No. 65 at 4. They also took place at different locations and involved different quantities of drugs. *Harrelson*, 2022 WL 1486379, at *3. Reasonable minds would not treat these sales as happening on the same occasion.

In summary, Ground Three fails because it is procedurally defaulted. Ground Three also fails on the merits because the occasions clause is not unconstitutionally vague and Defendant's case is not a close one that would justify application of the rule of lenity.

## IV. ADDITIONAL GROUNDS

Defendant filed a memorandum of law (ECF No. 123) to replace the memorandum of law attached to his amended § 2255 motion (ECF No. 115 at 13-22). The replacement memorandum adds two additional grounds for relief and requests leave to amend. ECF No. 123 at 9-12. Defendant tried to add these arguments twice before through prior motions to amend. *See* ECF Nos. 119 at 3-6; 121. This court denied the motions to amend because Defendant had not filed a complete copy of his proposed amended § 2255 motion on the court form, as required under Northern District of Florida Local Rules 15.1 and 5.7(A). ECF Nos. 120, 122. In another previous instance, the court required Defendant to completely fill out the proper form for filing a § 2255 motion, ECF No. 114, and he has not done so with his latest request to amend.

Because Defendant has not complied with the Local Rules, to the extent his memorandum has been treated by the clerk as a motion to amend, the motion (ECF No, 123) will be denied. In an abundance of caution, the court will nevertheless address his proposed amended arguments.

In Ground Four, Defendant argues that he is "actually innocent" of a sentence under § 924(e) because he did not admit that the predicate offenses were committed on separate occasions, nor were they found by a jury to be committed on separate occasions, as required by *Erlinger v. United States,* 602 U.S. 821 (2024). ECF No.

123 at 9-10. Ground Four fails because *Erlinger* is not retroactive to cases on collateral review. *See Erlinger*, 602 U.S. 821, 859 n.3 (2024) (Kavanaugh, J., dissenting) ("For any case that is already final, the *Teague* [*v. Lane*, 489 U.S. 288 (1989)] rule will presumably bar the defendant from raising [*Erlinger*'s] new rule in collateral proceedings."); *Grant v. United States*, No. 8:24-CV-02029-WFJ-CPT, 2024 WL 4729193, at *3-4 (M.D. Fla. Nov. 8, 2024) (applying *Teague* test and finding *Erlinger* does not apply retroactively to cases on collateral review); *United States v. Gallimore*, No. 24-6239, 2026 WL 1847264 (10th Cir. 2026) (finding reasonable jurists would not debate that *Erlinger* does not apply retroactively on collateral review). At the time Defendant was sentenced, he was not required to admit that the three offenses occurred on three separate occasions; the court's factual finding sufficed. *See Dudley*, 5 F.4th 1259–60 (11th Cir. 2021) ("As long as a court limits itself to *Shepard*-approved sources, the court 'may determine both the existence of prior convictions and the factual nature of those convictions, including whether they were committed on different occasions,' 'based on its own factual findings.'")

In Ground Five, Defendant again argues that the occasions clause in § 924(e) is unconstitutionally vague. ECF No. 123 at 11-12. He also argues for application of the rule of lenity. *Id.* at 12. These arguments mirror the arguments that Defendant

raises in Ground Three, which are procedurally defaulted and without merit. Defendant's reference to *Erlinger* does not change this result.

V. **CONCLUSION**

Defendant has failed to allege facts that would demonstrate he is entitled to relief on any of the grounds in his amended section 2255 motion and added arguments. ECF Nos. 115 and 123. An evidentiary hearing is not necessary to resolve Defendant's claims as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

**VI. CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is ORDERED:

Defendant's "Motion and Memorandum of Law in Support of Relief Request under Title 28 U.S.C. § 2255 and in Light of *Jackson* (2022) and *Wooden* (2022)," which has been treated by the clerk as a motion to amend pleading (ECF No. 123) is denied.

It is also respectfully RECOMMENDED:

1. The amended motion to vacate, set aside, or correct sentence (ECF No. 115) be DENIED.

2. A certificate of appealability be DENIED.

Done on August 4, 2026.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

The case was referred to a magistrate judge for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.